UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN P. ALTMAN,

                            Plaintiff,

                - against -

NASSAU COUNTY SHERIFF'S DEPT;
NASSAU COUNTY CORRECTIONAL
CENTER; CORPORAL HARVEY
(CORRECTION CORPORAL); and
CORRECTION OFFICER BARNETT,
SHIELD #3076,

                            Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1647 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

On March 21, 2022, the Court received this Complaint from Plaintiff Brian Altman, proceeding *pro se.* Plaintiff, who at the time was incarcerated at the Nassau County Correctional Center ("NCCC")*,* asserts claims concerning his conditions of confinement. By Memorandum & Order dated April 25, 2022, the Court dismissed the Complaint against two of the Defendants, the NCCC and the Sheriff's Department of Nassau County, while granting Plaintiff leave to amend his claims against the remaining Defendants. On June 6, 2022, the Court mailed Plaintiff an order extending the deadline for him to amend his pleadings, yet that document was returned as undeliverable because Plaintiff had been discharged from the NCCC. (6/6/2022 Docket Entry; *see* Dkt. 7.). As set forth below, the Complaint is dismissed without prejudice for Plaintiff's failure to prosecute under Rule 41(b).

## BACKGROUND

Plaintiff filed this lawsuit pursuing claims under 42 U.S.C. § 1983 against the Nassau NCCC, the Sherriff's Department of Nassau County, and two NCCC employees, Correction

Officer Barnett, Shield Number 3076, and Corporal Harvey ("Individual Defendants").  (*See* Complaint, Dkt. 1.)  The Court dismissed the claims as to the NCCC and the Sherriff's Department of Nassau County, finding that these entities cannot be sued since they are "merely administrative arms of a municipality [that] do not have a legal identity separate and apart from the municipality." (*See* April 25, 2022 Memorandum & Order ("April Order"), Dkt. 6 at 4 (citations omitted).)

Regarding the Individual Defendants, the Court found that the Complaint did not allege sufficient facts either to show that they are responsible for the NCCC's policies regarding an inmate's religious designation or to show that that the NCCC's official policies or customs caused him to be denied a constitutional or federal right.  The Court granted Plaintiff 30 days to file an amended complaint to plausibly allege his religious designation claim.[1]  That 30-day extension expired on May 25, 2022, without Plaintiff filing an amended complaint.  On June 6, 2022, the Court *sua sponte* extended the deadline for Plaintiff to amend his pleadings until June 22, 2022. Plaintiff has not filed an amended complaint and the time for doing so has passed.

The Court mailed physical copies of both the April Order and its order dated June 6, 2022 ("June Order") extending the deadline to file an amended complaint to the mailing address the Court has on file for the Plaintiff at the NCCC.  The mailed copy of the June Order was returned to the Court with the following notation: "RETURN TO SENDER INMATE DISCHARGED." (*See* Dkt. 7.)

---

[1] The Order provided: "For claims related to the religious designation process to survive, the Plaintiff will have to either allege additional facts showing the connection between the Individual Defendants and the NCCC's failure to correct his religious designation, or showing that the NCCC's official policies or customs caused him to be denied a constitutional or federal right— in which case, he must name Nassau County, not NCCC, as the defendant." (April Order, Dkt. 6 at ECF 5.)

**DISCUSSION**

Federal Rule of Civil Procedure ("Rule") 41(b) gives district courts the power to dismiss a case if the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  Although Rule 41(b) refers only to motions to dismiss, there is precedent in this Circuit for *sua sponte* dismissing cases pursuant to this rule.  *See Minette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).  Parties to a lawsuit, including *pro se* litigants, have an obligation to keep the Court informed of their physical addresses, or other contact information.  *See, e.g.*, *Rossman v. Suffolk Times*, No. 13-CV-3142 (JS) (GRB), 2013 WL 4065020, at * 1 (E.D.N.Y. Aug. 12, 2013) (dismissing a case under Rule 41(b) in part because "the Court's efforts to communicate with Plaintiff have been fruitless because Plaintiff has not provided a current address");*Dong v. United States*, No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing *pro se* plaintiff's claim because he was "inaccessible for the last two months — without notifying the Court, the Government, or the Pro Se Office of a change of address[, which] strongly suggests that he is not diligently pursuing" his case).  By failing to abide by this duty, a plaintiff risks having his case dismissed under Rule 41(b).  *See Rossman*, 2013 WL 4065020, at * 1 (E.D.N.Y. Aug. 12, 2013).  This is because Rule 41(b) is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

Generally, district courts considering a Rule 41(b) dismissal are required to weigh the five factors laid out by the Second Circuit in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the

3

> court's interest in managing its docket with the plaintiff's interest in
> receiving a fair chance to be heard, and (5) whether the judge has
> adequately considered a sanction less drastic than dismissal.

*See Thompson v. Snortland*, No. 19-CV-2743 (PKC) (LB), 2022 WL 1597402, at *3 (E.D.N.Y. May 19, 2022) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).   However, the Second Circuit in *Baptiste* laid out this five-factor analysis in the context of dismissals with prejudice, and it did not explicitly hold that a similar approach is needed for the less harsh sanction of dismissing without prejudice.  *See Baptiste*, 768 F.3d at 216 (instructing district courts that "the sanction of dismissal with prejudice . . . should be used only in extreme situations") (internal quotations omitted).

While this Court does not interpret *Baptiste* as requiring district courts to conduct a full five-factor analysis to dismiss the remaining claims without prejudice, some of these factors nevertheless point toward dismissal of the remaining claims in this case.  Consider for example the fourth factor: the Court has a strong interest in managing its docket, especially where a plaintiff has failed to provide a method by which the Court can contact them.  Because the Court is dismissing this action without prejudice, Plaintiff in this case still has an opportunity to receive a fair hearing once he moves to reopen the case.  Next, in accordance with the fifth factor, the Court has considered alternatives to dismissal, including issuing an order for Plaintiff to show cause paired with a warning that Plaintiff's case will be dismissed if he fails to provide his accurate physical address.  However, because the Court does not currently have an accurate physical address for Plaintiff, or even a way to contact him via telephone or email, the Court concludes that it is highly unlikely that Plaintiff would receive notice of any court orders granting him time to provide the Court with his current physical address and that such a course of action would be futile and a wasteful expenditure of the Court's limited resources.

Admittedly, the other factors would normally weigh against dismissal.  First, the duration of Plaintiff's failure to update the Court with his address is only several weeks long because the April Order was presumably received by Plaintiff, while the June Order was returned as undeliverable because Plaintiff had by that point been discharged.  (*See* Dkt. 7.)  Second, Plaintiff is presumably not on notice that failure to comply would result in dismissal.  Although the Court warned in its June Order that Plaintiff risked dismissal of his case for failure to prosecute if he did not promptly file an amended complaint, the physical copy of that order was returned as undeliverable, (*see* Dkt. 7), and the Court has no way of providing such notice to Plaintiff other than by filing on the public docket, on the unlikely chance that Plaintiff may be checking the docket.  With respect to the third factor, the remaining Defendants may be prejudiced by further delay in proceedings, but any prejudice is likely to be minor in this case, given that the remaining Defendants have not yet been served the Complaint.

While these three factors weigh against dismissing the case at this stage, the best and most efficient course of action is to dismiss the case without prejudice.  The Court's decision is informed by the fact that sending any notice to Plaintiff about the need to update his address will almost certainly be unsuccessful, and the Court can only wait for Plaintiff to reinitiate contact.  *See Dong*, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[N]o remedy other than dismissal makes sense. Ordinarily, [the Court] might send [the plaintiff] a warning or order him to appear for a hearing, but [the Court has] no way to reach him.").  In sum, there is no difference between the options of dismissing without prejudice, on the one hand, and waiting for Plaintiff to resurface, on the other, with respect to preserving Plaintiff's ability to pursue this case.  Because this case will be dismissed without prejudice, Plaintiff can easily seek to reopen this case once he reinitiates contact with the Court.

**CONCLUSION**

For the reasons stated herein, the Court dismisses the Complaint without prejudice under

Rule 41(b) because the Court currently has no way of contacting Plaintiff.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 21, 2022
Brooklyn, New York

6